FILED

2007 AUG 10  PM 12: 32

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

1  James L. Payne, State Bar No. 107021
   Jeffrey K. Brown, State Bar No. 162957
2  Todd C. Bouton, State Bar No. 234821
   PAYNE & FEARS LLP
3  Email:  jlp@paynefears.com
   4 Park Plaza, Suite 1100
4  Irvine, CA 92614
   Telephone: (949) 851-1100
5  Facsimile: (949) 851-1212

6

7  Attorneys for Defendants
   THE VONS COMPANIES, INC. and
8  SAFEWAY INC.

9                 **UNITED STATES DISTRICT COURT**

10            **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

11  DONALD J. TORMEY, on behalf of          CASE NO.
    himself, and all others                 **'07 CV 1587    LAB RBB**
12  similarly situated, and on               [San Diego Superior Court - Case
    behalf of the general public,            No. 37-2007-00069418-CU-OE-CTL]
13
                                             **CLASS ACTION**
14              Plaintiff,

15        v.                                 **PETITION AND NOTICE OF REMOVAL
                                             OF CIVIL ACTION UNDER 28 U.S.C.**
16  THE VONS COMPANIES, INC., a              **§§ 1331 AND 1441**
    Michigan Corporation, SAFEWAY
17  INC., a Delaware Corporation,            **[FEDERAL QUESTION]**
    and DOES 1 through 100,
18  inclusive

19              Defendants.

20

21

22        TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN

23  DISTRICT OF CALIFORNIA, AND TO PLAINTIFF DONALD TORMEY, AND HIS

24  COUNSEL OF RECORD:

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

ORIGINAL

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1  PLEASE TAKE NOTICE that Defendants SAFEWAY INC.

2  ("Safeway") and THE VONS COMPANIES, INC. ("Vons"), collectively

3  referred to as "Defendants", hereby remove this action from the

4  Superior Court of the State of California for the County of San

5  Diego to the United States District Court for the Southern

6  District of California, on the following grounds:

7

8  **PLAINTIFF'S STATE COURT ACTION**

9

10  1.  On or about June 29, 2007, Plaintiff Donald Tormey

11  ("Plaintiff") filed an action against Defendants in the Superior

12  Court of the State of California, County of San Diego, entitled

13  "DONALD J. TORMEY, on behalf of himself and all others similarly

14  situated, and on behalf of the general public, Plaintiff, vs. THE

15  VONS COMPANIES, INC., a Michigan corporation; SAFEWAY INC., a

16  Delaware corporation; and DOES 1 through 100, inclusive,

17  Defendants," Case No. 37-2007-00069418-CU-OE-CTL (the "State

18  Court Action").  Attached hereto as Exhibit "A" is a true and

19  correct copy of the Complaint in the State Court Action.

20

21  2.  Defendants were served with copies of Plaintiff's

22  Complaint on or about July 12, 2007.

23

24  3.  On August 7, 2007, Defendants timely filed and

25  served their Answer to Plaintiff's Complaint in the San Diego

26  County Superior Court.  A true and correct copy of Defendants'

27  Answer is attached as Exhibit "B" hereto.

28

4.   This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) and Rule 6 of the Federal Rules of Civil Procedure, in that Defendants were originally served with the Complaint no more than thirty (30) days before the filing of this Notice.

5.   Defendants have not been served with any other pleadings, process, or orders in the State Court Action. Therefore, the documents attached hereto as Exhibits "A" and "B" constitute the pleadings, process and orders served upon or by defendant in the State Court Action.

## FEDERAL QUESTION JURISDICTION UNDER SECTION 301 OF THE LABOR MANAGEMENT RELATIONS ACT, 29 U.S.C. § 185(a)

6.   This court has federal question jurisdiction because Plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a).

7.   "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Any such action may be removed to the district court if it is originally filed in a state court:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants,

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

- 3 -

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1

          to the district court of the United States
2         for the district and division embracing the
          place where such action is pending.

3

4   28 U.S.C. § 1441(a).  Removal on such "federal question" grounds

5   is proper even if the parties are not of diverse citizenship, and

6   without regard to the amount in controversy.  28 U.S.C.

7   § 1441(b).

8

9        8.   This action arises under the laws of the United

10  States in that Plaintiff's claims are preempted by Section 301 of

11  the Labor Management Relations Act, 29 U.S.C. § 185(a) ("Section

12  301"), because they arise from, and require the interpretation

13  and application of the terms of, a collective bargaining

14  agreement.

15

16  **Section 301 Completely Preempts Claims Requiring Interpretation**

17  **of Collective Bargaining Agreements.**

18

19       9.   Section 301 preempts and replaces all state-law

20  causes of action that either: (a) arise from a collective

21  bargaining agreement, or (b) require the court to interpret or

22  apply the provisions of a collective bargaining agreement.

23  Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220, 105 S. Ct.

24  1904, 1916 (1985); Moreau v. San Diego Transit Corp., 210 Cal.

25  App. 3d 614, 622, 258 Cal. Rptr. 647, 651 (1989); see 29 U.S.C. §

26  185(a).  "The preemptive force of Section 301 is so powerful that

27  it displaces entirely . . . any state claim whose outcome depends

28  on analysis of the terms of the agreement."  Newberry v. Pacific

- 4 -

1 Racing Assoc., 854 F.2d 1142, 1146 (9th Cir. 1988).  Accordingly,

2 "claims that implicate a collective bargaining agreement must be

3 construed as a § 301 claim and adjudicated under federal labor

4 law or be dismissed as preempted."  Schlacter-Jones v. General

5 Telephone of California, 936 F.2d 435, 439 (9th Cir. 1991)

6 (emphasis added).

7

8       10.  Both federal and California courts have recognized

9 that Section 301 serves the compelling purpose of avoiding

10 inconsistencies in the interpretation of labor contracts:

11

12         In order to achieve uniformity in the
   interpretation of such agreements and

13         consistent resolution of labor-management
   disputes, federal law governs such suits

14         whether brought in state or federal court.
   In order to assure this uniformity, the

15         preemptive strength of Section 301 is
   extraordinarily strong.

16

17

18 Moreau, supra, 210 Cal. App. 3d at 622, 258 Cal. Rptr. at 651;

19 Schlacter-Jones, supra, 936 F.2d at 439 n. 3 ("national labor

20 policy requires that the collective bargaining relationship be

21 defined by the application of an evolving uniform federal law").

22 Accordingly, Plaintiff's state law claims are necessarily

23 preempted if their adjudication would require this Court (or the

24 trier of fact) to interpret the provisions of the CBA. See

25 Aguilera v. Pirelli Armstrong Tire Corp., 223 F.3d 1010, 1014

26 (9th Cir. 2000)("Section 301 of the LMRA preempts state law ...

27 claims that are substantially dependent on an interpretation of a

28 collective bargaining agreement"); Audette v. ILWU Local 24, 195

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

F.3d 1107, 1112 (9th Cir. 1999) ("where the position in dispute
is 'covered by the CBA, the CBA controls and any claims seeking
to enforce the terms of [an agreement] are preempted.'")

**California's Wage and Hour Laws, Including the Off-Duty Lunch
Break Laws, Are Subject to Preemption Under Section 301.**

11.   Section 301's preemptive force extends to claims
brought to enforce wage and hours statutes in California and
other states, where the claims require interpretation of an
applicable collective bargaining agreement.   In <u>Levy v.
Skywalker</u>, 108 Cal. App. 4th 753, 134 Cal. Rptr. 2d 138 (2003),
the plaintiff brought claims under California Labor Code sections
204, 222 and 223, which require payment of wages within specified
time periods, prohibit withholding wages due under a CBA, and
prohibit paying a wage lower than that required by contract or
statute.   Because letters between the union and the employer had
to be consulted and interpreted to determine whether the
plaintiff was entitled to the union-level wages he sought, the
statutory claims were held to be preempted.   <u>Id.</u> at 763, n. 13.[1]

---

[1] <u>See also</u>, <u>Atchley v. Heritage Cable Vision Associates</u>, 101
F.3d 495 (7th Cir. 1996) (claim based on statute requiring
payment of wages within ten days of "when they were due" was
preempted by Section 301 because the CBA had to be interpreted to
determine when wages were due); <u>Wheeler v. Graco Trucking Corp.</u>,
985 F.2d 108 (3rd Cir. 1993) (pendent state claim under
Pennsylvania wage payment statute preempted by § 301 because wage
obligation depended on application of labor contract).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

## Preemption Under Statutory "Opt-Out" Provisions

12.   Preemption is especially appropriate where the state statute in question allows the employer to "opt-out" of its provisions, and the employees and employer accomplish such an "opt-out" through provision in a CBA that is agreed upon in the bargaining process.

13.   In Firestone v. S. Cal. Gas Co., 219 F.3d 1063, 1065 (9th Cir. 2000), cert. denied, 536 U.S. 958 (2002), the plaintiffs brought claims under California's overtime statute, which requires payment of one and one-half times the employee's regular rate for all hours worked over forty in a week.   The statute provided an exemption for any "employee covered by a collective bargaining agreement if said agreement provide[d] premium wage rates for overtime work and a cash wage rate for such employee of not less than one dollar ($1.00) per hour more than the minimum wage."   Id. at 1066, quoting 8 Cal. Code Reg. § 110403(D).   Because the employer's CBA governed the determination of what constituted the employees' "regular rate" and, therefore, the calculation of employees' overtime rates, the Court determined that the CBA must be interpreted to determine whether the plaintiffs were receiving a "premium rate," rather than looking to the state's definition of "regular rate."   As the court explained, "if California law were to apply, the parties negotiating the agreement would not know whether the employer's overtime obligations were defined by the contract or not, depending on which rate a court determined was

- 7 -

1   the "regular" rate under the California law."   The claims were

2   held to be completely preempted.   Id. at 1066-67.

3

4         14.   Likewise, in Robinson v. Fred Meyers Stores, Inc.,

5   184 F. Supp. 2d 968 (D. Ariz. 2002), opn. Mod. 252 F. Supp. 2d

6   905 (July 9, 2002), where the statute at issue permitted

7   employers to conduct drug testing in accordance with the terms of

8   an applicable CBA, and the employee alleged that her employer had

9   terminated her in violation of that statute, her claim was held

10  to be preempted, because the trier of fact would need to

11  interpret the CBA's drug-testing provisions, and their

12  implementation to determine whether the Company met its

13  obligations.   Id. at 975-976.

14

15  **PLAINTIFF'S CAUSES OF ACTION ALL REQUIRE INTERPRETATION OF A**

16  **COLLECTIVE BARGAINING AGREEMENT.**

17

18        15.   Plaintiff has alleged claims under state law for

19  alleged failure to provide rest periods, failure to provide meal

20  periods, and unfair competition.   Each of these claims will

21  require interpretation of a collective bargaining agreement which

22  governed Plaintiff's employment, his meal and rest periods, and

23  his compensation for hours worked.

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

**Plaintiff's Meal Period Claim Requires Interpretation of A CBA Governing His Employment And Meal Periods, Which Authorized Him to Take "On-Call" Lunches.**

16.   Plaintiff has alleged, among other things, that Defendants failed to provide meal periods to their employees, in violation of Labor Code Sections 226.7 and 512, and California Industrial Welfare Commission Wage Order No. 4-2001 ("Wage Order No. 4"), which interprets and implements Labor Code Section 512. (Compl., ¶¶ 40-46).[2]  Plaintiff specifically alleges that:

> [Defendants] failed to provide meal periods for days on which non-exempt employees work(ed) in excess of five hours, or fail[ed] to provide such meal periods within the first five hours of the employees' shift, or to provide second meal periods for days employees worked in excess of ten hours. . . .

(Compl., ¶ 40).

17.   However, during his employment with Vons, Plaintiff worked as a Pharmacist and was a member of a bargaining unit represented by the United Food & Commercial Workers International Union,  Local Nos. 135, 324, 770, 1036, 1167, 1428 and 1442 (the "Union"), and was covered by a collective bargaining agreement entitled "Retail Food, Meat, Bakery, Candy and General Merchandise Agreement, March 1, 2004-March 5, 2007"

---

[2] Labor Code section 201, 202 and 204 merely require the payment of wages. They do not authorize create a substantive right to a wage for a missed meal period.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1   between the Union and Vons (the "CBA").  (See Declaration of

2   Gregg Rutkin ("Rutkin Decl."), ¶¶ 1-3, Ex. "A".)

3

4            18.  The CBA specifically addresses the issue of lunch

5   periods and can be interpreted to authorize Pharmacists, like

6   Plaintiff, to take "on-duty" lunches (See Rutkin Decl., Ex. "A",

7   p. 87). More specifically, Section "J" of Appendix "F" to the

8   CBA, which governs meal periods for Pharmacists, states:

9

10           1.   Pharmacist "On-Call."   When there is only
             one (1) Pharmacist on duty, who has no relief,
11           said Pharmacist shall be considered "on-call" and
             he shall take a lunch period of not less than
12           one-half (1/2) hour on the Employer's time and
             shall not be called to perform any duties during
13           this lunch period except in cases of emergency.

14
             2.   Pharmacist "On-Call."   When a Pharmacist is
15           working in a shift greater than six (6) but not
             more than ten (10) hours, the Pharmacist may take
16           an on-call lunch of one-half (1/2) hour on the
             employer's time if there is ancillary staff on
17           duty during such lunch period.   Said Pharmacist
             shall remain within the store during the lunch
18           period but shall not be called upon to perform
             any duties during this lunch period except in the
19           case of a bona fide emergency.
20

21

22   (Rutkin Decl., Ex. "A", p. 87) (emphasis added).

23

24   **The On-Call Lunches Authorized By the CBA Can Be Interpreted As**

25   **"On-Duty" Lunches Contracted For Under Wage Order No. 4.**

26

27           19.  The "on-call" lunches authorized by section J of

28   Appendix F to the CBA can be interpreted as "on-duty" lunches

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

- 10 -

1   under Industrial Welfare Commission Wage Order No. 4 because the

2   relevant provisions of the CBA arguably meet the requirements for

3   opting-out of the default "off-duty" lunch otherwise required

4   under Labor Code section 512 and Wage Order No. 4.[3]

5

6        20.   As noted above, Plaintiff's meal-period claim is

7   based in part upon Wage Order No. 4, which interprets and

8   implements Labor Code Section 512.  (Compl., ¶¶ 40-46).

9

10        i.   Wage Order No. 4 specifically provides that a

11   unionized employee may <u>waive</u> the right to an off-duty meal period

12   where "<u>the nature of the work prevents an employee from being</u>

13   <u>relieved of all duty and when by written agreement between the</u>

14   <u>parties an on-the-job paid meal period is agreed to.</u>"   Industrial

15   Welfare Commission Order No. 1-4-2001, § 11(A) (emphasis added).

16

17        ii.   California law further allows an employee's

18   union to enter into or revoke an agreement for an on-duty meal

19   period on behalf of employees it represents.   See <u>Porter v.</u>

20   <u>Quillin</u>, 123 Cal. App. 3d 869, 177 Cal. Rptr. 45 (1981).

21

22        iii. In this case, the CBA provides that

23   Pharmacists may take "On-call" lunches on the employer's time,

24   but are not required to perform any duties "except in cases of

25   emergency" or "in the case of a bona fide emergency."   (Rutkin

26   Decl., Ex. "A", p. 87).   Just what constitutes "an emergency",

27

28   [3] Labor Code section 226.7 is merely a vehicle for enforcing
rights under Labor Code section 512.  See Lab. Code § 226.7.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1   "bona fide" or otherwise, is not defined in the CBA.  Because
2   Pharmacists perform quasi-medical functions, the terms
3   "emergency" and "bona fide emergency" could be interpreted
4   numerous ways to include something more minor like customer
5   preference or impatience, to something more major like imminent
6   medical need, natural disaster or terrorist attack.  Depending on
7   how the Court interprets "emergency", the "on-call" lunch may or
8   may not be an "on-duty" lunch, because the "on-call" Pharmacist
9   may or may not still be responsible for servicing customers on
10  his or her lunch period.

12          iv.  Further highlighting the need for the Court's
13  interpretation is another statement within the clause governing
14  lunch breaks for a Pharmacist who works over six hours but not
15  more than ten hours in a given workday.  This provision states
16  that "Said Pharmacist shall remain within the store during the
17  lunch period. . . ."  (Rutkin Decl., Ex. "A", p. 87, § J.2).  The
18  fact that such a Pharmacist may not leave the store during his or
19  her lunch further raises the question whether the Pharmacist
20  working such a shift is "on- or off-duty."  On the one hand, a
21  portion of the cited provision appears to relieve the Pharmacist
22  of his or her job duties during the lunch period absent a "bona
23  fide emergency."  On the other hand, the same provision requires
24  the Pharmacist to remain in the store during his or her lunches,
25  and thus controls the Pharmacists' movement and mandates that the

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

- 12 -

1  Pharmacist remain nearby, perhaps because he or she is still

2  actually "on-duty" to service customers.[4]

4  **The Court's Interpretation of Appendix "F", § J to the CBA Will**

5  **Trigger § 301 Preemption and Eradicate Plaintiff's Claim.**

7          21.   Assuming that Plaintiff (and other putative

8  Pharmacist plaintiffs) will have worked shifts in the hourly

9  range triggering Appendix F, sections J.1 and J.2 of the CBA, the

10 Court will not be able to resolve their meal period claims

11 without first interpreting those sections of the CBA.  If the

12 cited provisions of the CBA are found to meet the standards for a

13 "written agreement between the parties" as referred to in Wage

14 Order No. 4, and the Court interprets those provisions to

15 authorize Pharmacists to take "on-duty" lunch periods, then

16 plaintiffs who have entered into such an agreement waiving the

17 off-duty lunch period will not be able to recover meal period

18 penalties under the Complaint (subject to the requirement that

19 the "nature of the work" prevented them from being relieved).

20 Accordingly, any court adjudicating Plaintiff's Complaint with

21 respect to meal periods will also need to interpret the meaning

22 of the CBA for this reason.  This necessary interpretation will

23 trigger preemption under Section 301. See Newberry, supra, 854

24 F.2d at 1146; Schlacter-Jones, supra, 936 F.2d at 439.

[4] This interpretational issue is not academic.  As early as 1992, the California Department of Labor Standards Enforcement struggled to delineate a bright-line rule for determining whether employees required to wear pagers during their lunch breaks were "on- or off-duty."  See Jan. 28, 1992, DLSE Opn. Letter Re: Use of Beepers.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

## Plaintiff's Rest Break Claim Requires Interpretation of The CBA's Provisions on Rest Periods, Wages, and Wage Claims.

22.   Plaintiff alleges that Defendants generally coerced members of the alleged class to forego their rest periods by means of:

> a consistent policy of requiring Pharmacist Non-Exempt Employees within the State of California, including Plaintiff, to work through rest periods and failing to provide rest periods of at least ten minutes per four hours worked . . . and failing to pay such employees (1) one hour of pay at the employee's rate of compensation for each workday that the rest period is not provided.

(Compl., ¶ 2).   Plaintiff has thus alleged that Defendants failed to compensate members of the alleged class for time worked. However, the CBA exhaustively governs compensation for time worked and mandates the taking of rest breaks.   (Rutkin Decl., Ex. "A" at pp. 51; 85-89; 100).   The CBA also specifically addresses "wage claims" for employees and provides remedies for such a situation.   (Rutkin Decl., Ex. "A" at pp. 46-50).   The Court will need to interpret these provisions of the CBA to evaluate the validity and the effect of Plaintiff's claim that employees were "required" to violate the provisions of the CBA governing rest breaks and payment therefore.

23.   Because Plaintiff's claims require the interpretation of the collective bargaining agreement, and because such interpretation can only be performed under federal

- 14 -

law, Plaintiff's rest break claim is also preempted. <u>See</u>
<u>Newberry</u>, <u>supra</u>, 854 F.2d at 1146; <u>Schlacter-Jones</u>, <u>supra</u>, 936
F.2d at 439.

### Plaintiff's Unfair Competition Claim Requires Interpretation of the CBA Because It Depends on Plaintiff's Meal and Rest Period Claims, Which Require Interpretation of the CBA.

24. Plaintiff's unfair competition claim alleges that
Defendants' alleged violations of Labor Code sections 512 and
226.7 and Wage Order No. 4 also establish a violation of Business
and Professions Code section 17200, which provides remedies for
"unlawful business acts," including violations of certain
statutory provisions. (Compl., ¶¶ 50-52). Thus, Plaintiff's
unfair competition claim depends entirely on his ability to prove
that Defendants violated Labor Code sections 512 and 226.7, and
Wage Order No. 4.

25. For the reasons explained above, Plaintiff cannot
prove that Defendant violated Labor Code sections 512 and 226.7
and Wage Order No. 4 without interpreting the CBA. Because
Plaintiff's claim under Business and Professions Code section
17200 depends on proving the alleged underlying violations of
Labor Code sections 512 and 226.7 and Wage Order No. 4,
Plaintiff's section 17200 claim also requires interpretation of
the CBA. Because the section 17200 claim requires interpretation
of the CBA, this claim is also preempted. <u>See</u> <u>Newberry</u>, <u>supra</u>,
854 F.2d at 1146; <u>Schlacter-Jones</u>, <u>supra</u>, 936 F.2d at 439.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

**FEDERAL QUESTION JURISDICTION AS PLAINTIFF SEEKS RECOVERY**

**INVOLVING THE FEDERAL GOVERNMENT**

26.   This court also has federal question jurisdiction because Plaintiff's claims seek recovery on behalf of and involve the federal government – namely, taxation to be collected by the federal government.

27.   Specifically, Plaintiff alleges that because wages that were allegedly earned by Defendants' employees were unpaid, Defendants have and will continue to "fail to pay and to avoid paying appropriate taxes." (Compl., ¶ 57). These alleged taxes on allegedly unpaid wages would necessarily include federal taxes because such employee wages would be subject to federal taxation. Cf. Cheek v. United States, 498 U.S. 192, 203, 111 S. Ct. 604, 611 (1991), cert. denied, 510 U.S. 1112 (1994) (characterizing as "incredible" the idea that "wages are not taxable income" for purposes of the federal income tax).

28.   Because Plaintiff's allegations regarding Defendants' alleged failure to pay federal taxes directly implicate the federal government, Plaintiff's Complaint invokes a federal question involving federal tax law. Accordingly, because the national interest is implicated by the Complaint as federal taxes are allegedly involved, the subject matter of the lawsuit requires the federal court to resolve this controversy. Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 125 S. Ct. 2363 (2005) [holding that the national interest in providing a

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1  federal forum for federal tax litigation was sufficiently

2  substantial to support the exercise of federal-question

3  jurisdiction over the disputed notice issue on the removal of the

4  quiet-title action to the District Court]; <u>Fiorucci v. United</u>

5  <u>States</u>, 1991 U.S. App. LEXIS 31299, *3-4 (9th Cir. Dec. 20, 1991)

6  ("while plaintiff characterizes his lawsuit as one to determine

7  rights under state law, the gravamen of his complaint [turns on]

8  . . . the impact of federal tax laws on plaintiff's property,

9  which is a federal question governed by federal law."); <u>Berg v.</u>

10  <u>Yellow Transp.</u>, 2006 U.S. Dist. LEXIS 18852, *6, 97 A.F.T.R.2d

11  (RIA) 1631 (N.D. N.Y. Mar. 3, 2006) ("As Yellow points out, and

12  the court agrees, Berg's claims for improper federal tax

13  withholding are governed by the relevant provisions of the

14  Internal Revenue Code, a body of federal law.  Thus, it is clear

15  that Berg's claims arise under federal law for the purposes of

16  federal question jurisdiction.")

17

18      29.  Because Plaintiff's own allegations demonstrate

19  that his claims involve the withholding and payment of federal

20  taxes, this controversy presents a federal question.

21

22  **REMOVAL OF ENTIRE ACTION PURSUANT TO 28 U.S.C. § 1367(a)**

23

24      30.  This Court has supplemental jurisdiction over all

25  claims that are so related to the federal claims discussed above

26  that they "form part of the same case or controversy."  28 U.S.C.

27  § 1367(a).  Supplemental jurisdiction is proper where the causes

28  of action in question "derive from a common nucleus of operative

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

- 17 -

1   fact," such that the plaintiff "would ordinarily be expected to

2   try them all in one judicial proceeding."  See United Mine

3   Workers of America v. Gibbs, 383 U.S. 715, 725, 86 S. Ct. 1130,

4   1138 (1966).

5

6        31.   In this case, even if not all of Plaintiff's

7   causes of action are deemed to be preempted under Section 301, or

8   raise federal questions, they all arise directly out of the same

9   "common nucleus of operative fact" (Plaintiff's employment and/or

10  work conditions) as the claims for failure to allow meal and rest

11  breaks that the Court determines to be preempted.  Plaintiff's

12  claims would normally be tried in a single judicial proceeding

13  with the rest of his Complaint, and the entire action is thus

14  removable under this Court's supplemental jurisdiction.  See 28

15  U.S.C. § 1367(a).

16

17       32.   The supplemental jurisdiction statute, 28 U.S.C. §

18  1367, provides that the district courts "shall have supplemental

19  jurisdiction" over state-law causes of action that form "part of

20  the same case or controversy" as the federal claims supporting

21  removal.  28 U.S.C. § 1367(a).

22

23                          CONCLUSION

24

25       33.   Because Plaintiff's claims raise questions of

26  federal law and require the analysis and interpretation of the

27  applicable collective bargaining agreement between Plaintiff and

28  Vons, Defendants respectfully request that this Court exercise

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1   its removal jurisdiction over this action.   The claims also

2   invoke federal question jurisdiction by implicating interests of

3   the federal government in taxation.

4

5   DATED: August 10, 2007            PAYNE & FEARS LLP
                                      JAMES L. PAYNE
6                                     JEFFREY K. BROWN
                                      TODD C. BOUTON
7

8                                     By: _____
                                            Todd C. Bouton
9

10                                    Attorneys for Defendants
                                      THE VONS COMPANIES, INC. and
11  365038.1                          SAFEWAY INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

- 19 -

1

2

<div align="center">

INDEX OF EXHIBITS

</div>

3   **EXHIBIT**                **DESCRIPTION**

4

5   EXHIBIT "A":    A true and correct copy of the Complaint

6                   filed by Plaintiff Donald J. Tormey in San

7                   Diego County Superior Court on or about June

8                   29, 2007, Case No. 37-2007-00069418-CU-OE-

9                   CTL.

10

11   EXHIBIT "B":   A true and correct copy of the Defendants'

12                  Answer to Complaint.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

**EXHIBIT A**

# SUMMONS
## (CITACION JUDICIAL)

<div style="text-align:right">SUM-100</div>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE VONS COMPANIES, INC., a Michigan Corporation;
SAFEWAY INC., a Delaware Corporation; and DOES 1
through 100, inclusive

<div style="border:1px solid">
FOR COURT USE ONLY<br>
(SOLO PARA USO DE LA CORTE)<br>
CIVIL BUSINESS OFFICE<br>
CENTRAL DIVISION<br><br>
2007 JUN 29 PM 4: 15<br><br>
SAN DIEGO COUNTY, CA
</div>

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
DONALD J. TORMEY, on behalf of himself, and all
others similarly situated, and on behalf of the
general public

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of the State of California<br>330 W. Broadway<br><br>San Diego, CA 92101<br>Central Division | CASE NUMBER:<br>*(Número del Caso)* 37-2007-00069418-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*    619-296-5884    619-296-5171
Michael I. Rott, Esq. (SBN 169468)
Eric M. Overholt, Esq. (SBN 248762)
HIDEN , ROTT & OERTLE, LLP, 2635 Camino Del Rio South, Suite 306
San Diego, CA 92108

| | | | |
|---|---|---|---|
| DATE: JUN 29 2007<br>*(Fecha)* | Clerk, by    WYNNIE S ABELLA<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* Safeway Inc. , a Delaware Corporation

under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [X] by personal delivery on (date): 7/12/07

<div style="text-align:right">Page 1 of 1</div>

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>Legal<br>Solutions<br>& Plus |

Michael Ian Rott (SBN 169468)   mrott@hrollp.com
David V. Hiden, Jr. (SBN 169915)   dhiden@hrollp.com
Eric M. Overholt (SBN 248762)   eoverholt@hrollp.com
**HIDEN, ROTT & OERTLE, LLP**
2635 Camino del Rio South, Suite 306
San Diego, CA 92108
Telephone: (619) 296-5884
Facsimile:  (619) 296-5171

DONALD J. TORMEY on behalf of himself and
all others similarly situated, and on *behalf* of the general public

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO – CENTRAL DISTRICT

| | |
|---|---|
| DONALD J. TORMEY, on behalf of himself, and all others similarly situated, and on behalf of the general public,<br><br>    Plaintiff,<br><br>v.<br><br>THE VONS COMPANIES, INC., a Michigan Corporation; SAFEWAY INC., a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>    Defendants. | CASE NO.:    37-2007-00069418-CU-OE-CTL<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF AND RESTITUTION**<br><br>1.  **Failure to Provide Rest Periods (Lab. Code §§201, 202, 204, 226.7; IWC Wage Order No.4-2001); Cal. Code Regs., Title 8, § 11040)**<br><br>2.  **Failure to Provide Meal Periods (Lab. Code §§201, 202, 204, 226.7, 512; IWC Wage Order No.4-2001; Cal. Code Regs., Title 8, § 11040)**<br><br>3.  **Violation of Unfair Competition Law (Bus. & Prof. Code §17200 et seq.)**<br><br>**DEMAND FOR JURY TRIAL** |

1

CLASS ACTION COMPLAINT

EXHIBIT *A* PAGE 21

Plaintiff, DONALD J. TORMEY, on behalf of himself and all others similarly situated, based on the investigation of counsel, the existing public record and on information and belief, allege as follows:

## I.

## INTRODUCTION

1.    This is a class action, pursuant to the California Code of Civil Procedure §382, on behalf of Plaintiff and all employees, including but not limited to hourly Pharmacists not classified as "Exempt" nor primarily employed in executive, professional, or administrative capacities ("Pharmacist Non-Exempt Employees") employed by, or formerly employed by, THE VONS COMPANIES, INC., a Michigan Corporation ("VONS"), SAFEWAY, INC., a Delaware Corporation ("SAFEWAY"), and any subsidiaries or affiliated companies (collectively "Defendants"), within the State of California.    At all relevant time THE VONS COMPANIES INC., is a wholly owned subsidiary of SAFEWAY, INC.

2.    For at least four years prior to the filing of this action and through the present ("liability period"), Defendants have had a consistent policy of requiring Pharmacist Non-Exempt Employees within the State of California, including Plaintiff, to work through rest periods and failing to provide rest periods of at least ten minutes per four hours worked or major fraction thereof and failing to pay such employees (1) one hour of pay at the employees' regular rate of compensation for each workday that the rest period is not provided, or other compensation, as required by California state wage and hour laws.

3.    For at least four years prior to the filing of this action and through to the present, Defendants have had a consistent policy of requiring Pharmacist Non-Exempt Employees within the State of California, including Plaintiff, to work through meal periods and work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California state wage and hour laws.

2

CLASS ACTION COMPLAINT

EXHIBIT A PAGE 22

4.    Plaintiff, on behalf of himself and all Class Members, brings this action pursuant to California Labor Code §§226.7 and 512, and California Code of Regulations, Title 8, §11040, seeking unpaid rest and meal period compensation, penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

5.    Plaintiff, on behalf of himself and all Class Members, pursuant to the California Business and Professions Code §§17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits Defendants enjoyed from their failure to pay rest and meal period compensation.

## II.

## VENUE

6.    Venue as to each Defendant is proper in this judicial district, pursuant to the California Code of Civil Procedure §395.  Defendants operate restaurants, employ hourly employees, conduct business, and commit Labor Code violations in San Diego County, and each Defendant is within the jurisdiction of this Court for service of process purposes.  The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California and within San Diego County.  Defendants employ numerous Class Members in San Diego County.

## III.

## PARTIES

A.    **Plaintiff**

7.    Plaintiff DONALD J. TORMEY, is a resident of San Diego County, California.  At all relevant times herein, he was employed by Defendants for the past 14 years as a Pharmacist at VONS in San Diego County, California, and has been employed by VONS, a wholly owned subsidiary of SAFEWAY, INC., in a non-exempt capacity during the liability period from 2003 to present.

8.    On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants' common company policy of providing no rest periods and no meal periods to employees working at least five hour shifts or second meal period shifts of at least ten hours or compensation in lieu thereof.  On information and belief, Defendants willfully failed to

3

CLASS ACTION COMPLAINT

EXHIBIT A PAGE 23

pay their employees and members of Plaintiff's Class in a timely manner rest and meal period compensation due and owing to them upon termination of their employment with Defendants.

**B.**     **Defendants**

9.     Defendant THE VONS COMPANIES, INC., is a Michigan Corporation that is engaged in the ownership and operation pharmacies located throughout the State of California including the City of San Diego.  During the liability period, Defendants employed Plaintiff and similarly situated persons as Pharmacist Non-Exempt Employees within California.  On information and belief, each of the Defendants is conducting business in good standing in California.

10.     Defendant SAFEWAY, INC., is a Delaware Corporation that owns and operates THE VONS COMPANIES, INC. and their pharmacies under their VONS-SAFEWAY DIVISION throughout the State of California including the City of San Diego. During the liability period, Defendants employed Plaintiff and similarly situated persons as Pharmacist Non-Exempt Employees within California.  On information and belief, each of the Defendants is conducting business in good standing in California.

11.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sue Defendants by such fictitious names under California Code of Civil Procedure §474.  Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

12.     Plaintiff is informed, believe and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

///

///

///

///

4

CLASS ACTION COMPLAINT

EXHIBIT *A* PAGE 24

# IV.

## FACTUAL BACKGROUND

13.     Defendants own and operate pharmacies, and, at all times during the liability period, have conducted business in San Diego County and elsewhere within California.  At this pharmacy, Defendants have, among other things, employed persons as Pharmacists.

14.     Upon information and belief, each VONS pharmacy is staffed, inter alia, by hourly non-exempt Pharmacists and other hourly Non-Exempt Employees.  Upon information and belief, Pharmacist Non-Exempt Employees have not been paid during the liability period rest and meal period compensation.  Plaintiff is informed, believe and based thereon alleges, Defendants currently employ approximately 300 employees in the State of California as Pharmacist Employees and an unknown number of former Employees.

15.     During the liability period, named Plaintiff and members of the Plaintiff's Class were employed by Defendants as Pharmacist Non-Exempt Employees and were paid on an hourly basis. Plaintiff and the members of the Plaintiff's Class were not provided rest or meal periods or compensation in lieu thereof as mandated under the California Labor Code, and the implementing rules and regulations of the Industrial Welfare Commission ("IWC") California Wage Orders.

16.     On information and belief, Defendants are and were well aware that Pharmacist Non-Exempt Employees were not provided rest and meal periods.  Defendants' denial of wages and other compensation due to Plaintiff and members of the Plaintiff's Class in the position of Pharmacist Non-Exempt Employees was willful and deliberate.

17.     On information and belief, Defendants willfully failed to pay the rest and meal period wages of presently employed Pharmacist Non-Exempt Employees, including members of the Plaintiff's Class.

18.     On information and belief, Defendants willfully failed to pay the rest and meal period wages of former employed Pharmacist Non-Exempt Employees, including members of the Plaintiff's Class, when each such employee quit or was discharged.

///

## V.

## CLASS ACTION ALLEGATIONS

19.     Plaintiff brings this action of behalf of themselves and all others similarly situated within the State of California, as a class action pursuant to California Code of Civil Procedure §382.

Plaintiff seeks to represent a Class composed of and defined as follows:

> All persons who are employed or have been employed by Defendants in the State of California, who, within four (4) years of the filing of this Complaint, have worked as Pharmacist employees and in any other position that did not consist of administrative, executive, or professional duties and have not been provided a rest period for every four hours or major fraction thereof worked per day or other compensation for each day on which such rest periods were not provided.

Plaintiff also seeks to represent a Subclass composed of and defined as follows:

> All persons who are employed or have been employed by Defendants in the State of California, who, within four (4) years of the filing of this Complaint, have worked five and/or ten hours without being provided a meal period and/or second meal and were not provided compensation of one hour's pay or other compensation for each day on which such meal period was not provided.

Plaintiff reserves the right under rule 1855, subdivision (b), California Rules of Court, to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

20.     This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the California Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

A.     **Numerosity**

21.     The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been

6

EXHIBIT *A* PAGE 26

determined at this time, Plaintiff is informed and believe that Defendants currently employ, and during the relevant time periods employed, hundreds of employees, the vast majority of them in the State of California, in positions as Pharmacist Non-Exempt Employees in San Diego County during the liability period and who are or have been affected by Defendants' policy of not providing meal periods or providing them more than five hours into an employee's shift and not providing rest periods without the appropriate legal compensation.

22.     Accounting for employee turnover during the relevant periods necessarily increases this number substantially.   Upon information and belief, Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

B.     **Commonality**

23.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members.   These common questions of law and fact include, without limitation:

1.     Whether Defendants violated Labor Code §226.7, IWC Wage Order No. 4-2001 or other applicable IWC Wage Orders, and California Code of Regulations, Title 8, section 11040, by failing to provide daily rest periods to Pharmacist Non-Exempt Employees for every four hours or major fraction thereof worked and failing to compensate said employees one hour's wages in lieu of rest periods;

2.     Whether Defendants violated Labor Code §§226.7 and 512, IWC Wage Order No. 4-2001 or other applicable IWC Wage Orders, and California Code of Regulations, Title 8, section 11040, by failing to provide second meal periods to Pharmacist Non-Exempt Employees on days they worked in excess of five hours or providing meal periods more than five hours into the employees' shifts and failing to compensate said employees one hour's wages in lieu of meal periods;

3.     Whether Defendants violated Labor Code §§226.7 and 512, IWC Wage Order No. 4-2001 or other applicable IWC Wage Orders, and California Code of Regulations, Title 8, section

7

EXHIBIT _A_ PAGE 27

11040, by failing to provide second meal periods to Pharmacist Non-Exempt Employees on days they worked in excess of ten hours;

    4.    Whether Defendants violated Labor Code §§201, 202, 204, 510, IWC Wage Order No. 4-2001 or other applicable IWC Wage Orders, and California Code of Regulations, Title 8, section 11040, by failing to pay overtime wages to Pressmen Non-Exempt Employees and Pressmen Assistant Non-Exempt Employees on days they worked in excess of 8 hours;

    5.    Whether Defendants violated §17200 et seq. of the California Business and Professions Code by failing to properly provide rest and meal periods without compensating non-exempt employees one hour's pay for every day such periods were not provided, and failing to keep accurate records of Class Members' compensation owed;

    6.    Whether Defendants violated §17200 et seq. of the California Business and Professions Code and Labor Code §§226.7, 512, IWC Wage Order No. 4-2001 and other applicable IWC Wage Orders which violation constitutes a violation of fundamental public policy; and

    7.    Whether Plaintiff and the Members of the Plaintiff's Class are entitled to equitable relief pursuant to California Business and Professions Code §17200 et seq.

C.    **Typicality**

24.    The claims of the named Plaintiff are typical of the claims of the Class. Plaintiff and all members of the Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged.

D.    **Adequacy of Representation**

25.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Counsel who represents Plaintiff is competent and experienced in litigating large class actions.

///

E.      **Superiority of Class Action**

26.      A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' illegal policy and/or practice of requiring employees to work five hours or more without meal periods, denying Class Members proper rest and meal periods without legal compensation, and requiring employees to work in excess of ten hours per day without second meal periods.

27.      Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## VI.

## CAUSES OF ACTION

### First Cause of Action Against All Defendants

### Failure to Provide Rest Periods or Compensation in Lieu Thereof

### (Lab. Code §§201, 202, 204, 226.7; IWC Wage Order No. 4-2001; Cal. Code Regs., Title 8 §11040)

28.      Plaintiff incorporates paragraphs 1 through 27 as though fully set forth herein.

29.      By their failure to provide rest periods for every four hours or major fraction thereof worked per day to non-exempt employees, and failing to provide compensation for such un-provided rest periods, as alleged above, Defendants willfully violated the provisions of California Labor Code §226.7 and IWC Wage Order No. 4-2001. Plaintiff and the Class Members they seek to represent did not willfully waive through mutual consent with Defendants rest or meal periods.

30.      As a result of the unlawful acts of Defendants, Plaintiff and the Class they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled

9

1    to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under

2    California Labor Code §226.7, and IWC Wage Orders.

3        31.    Defendants' failure to pay rest period wages in a timely fashion also constitutes a

4    violation of California Labor Code §204, which requires that all wages be paid, at the very minimum,

5    in semimonthly payments. In direct violation of this provision of the Labor Code, Defendants have to

6    date failed to pay any rest period wages earned by Plaintiff and the Class during the Class Period.

7    Each such failure to make a timely payment of rest period wages to Plaintiff and the members of the

8    Class constitutes a separate violation of §204 of the California Labor Code.

9        32.    Defendants' failure to pay rest period wages in a timely fashion also constitutes a violation

10   of California Labor Code §§201 and 202 which require that all wages be paid upon termination, or, in

11   the case of an employee who quits without providing at least 72 hours notice, within 72 hours of the

12   date of quitting. In direct violation of these provisions of the Labor Code, Defendants have to date

13   failed to pay any rest period wages earned by Plaintiff and the Class during the Class period.

14       33.    Defendants' violations of California Labor Code §§201, 202, 204, and 226.7 and IWC No.

15   4-2001 were repeated, willful and intentional.

16       34.    Plaintiff and the Class members have been damaged by said violations of California Labor

17   Code §§201, 202, 204, and 226.7 and IWC No. 4-2001.

18       35.    Pursuant to California Labor Code §§218.5, 218.6, and 226.7 and IWC No. 4-2001,

19   Defendants are liable to Plaintiff and members of the Class for the full amount of all their unpaid rest

20   period wages with interest plus their reasonable attorneys' fees and costs.

21       36.    Defendants are also liable to Plaintiff and members of the Class for statutory penalties due

22   pursuant to California Labor Code §203 for their violations of California Labor Code §§201 and 202,

23   and 204, respectively.

24       37.    Because Defendants' unlawful failure to pay rest period wages to the employees

25   constituted despicable conduct that was carried out with malice, oppression, or fraud, in willful and

26   conscious disregard for their rights, Plaintiff and the Class are entitled to exemplary damages to

27   punish the Defendants pursuant to California Civil Code §3294.

28

<div align="center">10</div>

EXHIBIT A PAGE 30

38. WHEREFORE, Plaintiff and the Class he seeks to represent requests relief as described below.

### Second Cause of Action Against All Defendants
### Failure to Provide Meal Periods or Compensation in Lieu Thereof
### (Lab. Code §§201, 202, 204, 226.7, 512; IWC Wage Order No. 4-2001; Cal. Code Regs., Title 8 §11040)

39. Plaintiff incorporates paragraphs 1 through 31 as though fully set forth herein.

40. By their failure to provide meal periods for days on which non-exempt employees work(ed) in excess of five hours, or failure to provide such meal periods within the first five hours of the employees' shift, or to provide second meal periods for days employees worked in excess of ten hours, and failing to provide compensation for such un-provided or improperly provided meal periods, as alleged above, Defendants willfully violated the provisions of Labor Code §§226.7, 512, and IWC Wage Order No. 4-2001.

41. As a result of the unlawful acts of Defendants, Plaintiff and the Class they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under California Labor Code §§226.7, 512, and IWC Wage Order No. 4-2001.

42. Defendants' failure to pay meal period wages in a timely fashion also constitutes a violation of California Labor Code §204, which requires that all wages be paid, at the very minimum, in semimonthly payments. In direct violation of this provision of the Labor Code, Defendants have to date failed to pay any meal period wages earned by Plaintiff and the Class during the Class Period. Each such failure to make a timely payment of rest period wages to Plaintiff and the members of the Class constitutes a separate violation of §204 of the California Labor Code.

43. Defendants' failure to pay meal period wages in a timely fashion also constitutes a violation of California Labor Code §§201 and 202 which require that all wages be paid upon termination, or, in the case of an employee who quits without providing at least 72 hours notice, within 72 hours of the date of quitting. In direct violation of these provisions of the Labor Code,

CLASS ACTION COMPLAINT

EXHIBIT A PAGE 31

Defendants have to date failed to pay any meal period wages earned by Plaintiff and the Class during the Class period.

44.     Defendants' violations of California Labor Code §§201, 202, 204, 226.7, and 512 and IWC No. 4-2001 were repeated, willful and intentional.

45.     Plaintiff and the Class members have been damaged by said violations of California Labor Code §§201, 202, 204, 226.7, and 512 and IWC No. 4-2001.

46.     Pursuant to California Labor Code §§218.5, 218.6, 226.7 and 512 and IWC No. 4-2001, Defendants are liable to Plaintiff and members of the Class for the full amount of all their unpaid rest period wages with interest plus their reasonable attorneys' fees and costs.

47.     Defendants are also liable to Plaintiff and members of the Class for statutory penalties due pursuant to California Labor Code §203 for their violations of California Labor Code §§201 and 202, and 204, respectively.

48.     Because Defendants' unlawful failure to pay meal period wages to the employees constituted despicable conduct that was carried out with malice, oppression, or fraud, in willful and conscious disregard for their rights, Plaintiff and the Class are entitled to exemplary damages to punish the Defendants pursuant to California Civil Code §3294.

49.     WHEREFORE, Plaintiff and the Class he seeks to represent requests relief as described below.

### Third Cause of Action Against All Defendants
### Violation of Unfair Competition Law
### (Cal. Bus. & Prof. Code §17200 et seq.)

50.     Plaintiff incorporates paragraphs 1 through 35 as though fully set forth herein.

51.     Defendants' failure to compensate for un-provided or improperly provided rest and meal periods to Plaintiff and members of the Plaintiff's Class, under the IWC Wage Orders and under the California Labor Code, and failure to keep proper records, as alleged herein, constitute unlawful activity prohibited by the California Business and Professions Code §17200 et seq.

12
CLASS ACTION COMPLAINT

EXHIBIT A PAGE 32

52.     The actions of Defendants in failing to pay Plaintiff and members of the Plaintiff's Class in a lawful manner, as will be further alleged herein, constitute false, unfair, fraudulent and deceptive business practices, within the meaning of California Business and Professions Code §17200 et seq.

53.     Plaintiff have suffered injury in fact and lost money as a direct result of not being provided meal and rest periods.  Plaintiff are entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.  They bring this cause individually and as a member of the general public as a representative of all others subject to Defendants' unlawful acts and practices.

54.     As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits at the expense of Plaintiff and the Class they seek to represent.  Defendants should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to Plaintiff and the members of the Plaintiff's Class the wrongfully withheld wages and overtime compensation pursuant to California Business and Professions Code §17203.  Plaintiff is informed, believe and thereon alleges, that Defendants are unjustly enriched through their failure to provide meal periods within the first five hours of a shift, appropriate rest periods, and/or appropriate compensation in lieu of meal and rest periods to Plaintiff and members of the Plaintiff's Class.

55.     Plaintiff is informed, believe and thereon alleges, that Plaintiff and members of the Plaintiff's Class are prejudiced by Defendants' unfair trade practices.

56.     As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiff, individually and on behalf of all employees similarly situated, is entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages and premium pay which have been unlawfully withheld from Plaintiff and members of the Plaintiff's Class as a result of the business acts and practices described herein and enjoining Defendants to cease and desist from engaging in the practices described herein.

57.     The illegal conduct alleged herein is continuing, and there is no indication that Defendants will not continue such activity in to the future.  Plaintiff alleges that if Defendants are not enjoined form the conduct set forth in this Complaint, they will continue to require employees to work through

meal and/or second meal periods and/or work five hours or more without receiving a meal period, will continue to fail to provide rest periods or provide appropriate compensation in lieu thereof, and will continue to fail to pay and to avoid paying appropriate taxes, insurance, and unemployment withholdings.

58.     Plaintiff further requests that the Court issue a preliminary and permanent injunction prohibiting Defendants from requiring Plaintiff and the Plaintiff's Class to work through meal periods, and from continuing to fail to provide rest periods and meal periods or provide appropriate compensation in lieu thereof.

59.     WHEREFORE, Plaintiff and the Class he seeks to represent requests relief as described below.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, on behalf of himself, on behalf of the members of the Class defined herein, and the General Public as applicable, pray for judgment and relief on all Causes of Action as follows:

1.     That the Court determine that this action may be maintained as a class action;

2.     For compensatory damages in an amount according to proof with interest thereon;

3.     For economic and/or special damages in an amount according to proof with interest thereon;

4.     That Defendants be found to have engaged in unfair competition in violation of section 17200 of the California Business and Professions Code;

5.     That Defendants be ordered and enjoined to make restitution to the Class due to the unfair competition, including disgorgement of their wrongfully-obtained revenues, earnings, profits, compensation, and benefits, pursuant to California Business and Professions Code §§17203 and 17204;

6.     That Defendants be enjoined from continuing the illegal course of conduct alleged herein;

7.     The Defendants further be enjoined to cease and desist from unfair competition in violation of section 17200 et seq. of the California Business and Professions Code;

14

8.    That Defendants be enjoined from further acts of restraint of trade of unfair competition;

9.    For statutory damages;

10.   For statutory penalties;

11.   For punitive damages;

12.   For attorneys' fees, interest and costs of suit; and

13.   For such other and further relief as the Court deems just and proper.

<center>**DEMAND FOR JURY TRIAL**</center>

Plaintiff hereby demands trial of their claims by jury to the extent authorized by law.

DATED: June 27, 2007                    **HIDEN, ROTT & OERTLE, LLP**

By: _____
Eric M. Overholt, Esq.
Attorneys for Plaintiff, the Proposed Class, and
the General Public.

CA Complaint.doc

<center>15</center>
<center>CLASS ACTION COMPLAINT                 EXHIBIT *A* PAGE 35</center>



1   James L. Payne, State Bar No. 107021
    Jeffrey K. Brown, State Bar No. 162957
2   John T. Egley, State Bar No. 232545
    Todd C. Bouton, State Bar No. 234821
3   PAYNE & FEARS LLP
    4 Park Plaza, Suite 1100
4   Irvine, California 92614
    Telephone: (949) 851-1100
5   Facsimile: (949) 851-1212
    E-mail: jlp@paynefears.com
6
    Attorneys for Defendants
7   SAFEWAY INC. and THE VONS COMPANIES, INC.

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10               COUNTY OF SAN DIEGO – CENTRAL DISTRICT

11

12  DONALD J. TORMEY, on behalf of himself      CASE NO. 37-2007-00069418-CU-OE-CTL
    and all others similarly situated, and on behalf
13  of the general public,                       Assigned to: Hon. Joan M. Lewis
                                                  Department:  C-65
14                  Plaintiff,
                                                  **CLASS ACTION**
15       v.
                                                  **ANSWER OF DEFENDANTS SAFEWAY**
16  THE VONS COMPANIES, INC., a Michigan         **INC. AND THE VONS COMPANIES, INC.**
    corporation; SAFEWAY INC., a Delaware        **TO COMPLAINT**
17  Corporation, and DOES 1 through 100,
    inclusive,
18                                                Date Action Filed:  June 29, 2007
                    Defendants.
19                                                Trial Date:         None Set

20

21

22

23

24

25

26

27

28
                                                 EXHIBIT *B* PAGE 36

                        ANSWER TO COMPLAINT

1    Defendants Safeway Inc. and The Vons Companies, Inc. (collectively

2    "Defendants") for themselves alone and for no other parties, state as follows in response to the

3    allegations of the Complaint:

4

5                                              I.

6                         **GENERAL AND SPECIFIC DENIALS**

7

8        Pursuant to the provisions of California Code of Civil Procedure section 431.30,

9    subdivision (d), Defendants deny, generally and specifically, each and every allegation contained

10   in the Complaint filed herein by Plaintiff.  Defendants deny, generally and specifically, that

11   Plaintiff has been damaged in any sum, or at all, by reason of any act or omission on the part of

12   any Defendant, or by any act or omission by any agent or employee of Defendants.  Defendants

13   further deny, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

14

15                                            II.

16                           **AFFIRMATIVE DEFENSES**

17

18       Without waiving the foregoing, Defendants allege the following separate and

19   independent affirmative defenses.

20

21                         **FIRST AFFIRMATIVE DEFENSE**

22

23       The Complaint, and each and every purported cause of action therein, fail to state

24   facts sufficient to constitute any cause of action against Defendants, or any of them.

25

26

27

28

EXHIBIT _B_ PAGE 37

-1-

**ANSWER TO COMPLAINT**

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

## SECOND AFFIRMATIVE DEFENSE

Upon information and belief, Defendants allege that the Complaint, and each and every purported cause of action therein, are barred by the applicable statutes of limitation, including, without limitation, California Code of Civil Procedure sections 338, subdivision (a), and 340, subdivisions (a) and (b), California Business and Professions Code section 17208.

## THIRD AFFIRMATIVE DEFENSE

The Complaint, and each and every purported cause of action therein, are barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is estopped, by reason of his conduct and actions, from asserting any of the causes of action alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has waived the right, by reason of his conduct and actions, to assert any of the alleged claims herein.

## SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, Defendants allege that all or part of the damages alleged in Plaintiff's Complaint were caused by the acts and/or omissions of other persons or entities (including, without limitation, acts and/or omissions of Plaintiff) for whose conduct Defendants, or any of them, are not legally responsible, which intervened between the alleged acts

1   and/or omissions of Defendants and Plaintiff's alleged damages.  Plaintiff's alleged damages, if

2   any, are therefore not recoverable from Defendants, or any of them.  In the alternative, any

3   damages which Plaintiff may be entitled to recover against Defendants, or any of them, if any,

4   must be reduced to the extent that such damages are attributable to the inventing acts and/or

5   omissions of persons or entities (including, without limitation, Plaintiff) other than Defendants.

6

7   ### SEVENTH AFFIRMATIVE DEFENSE

8

9   Upon information and belief, Defendants allege that all or part of the damages

10   alleged in Plaintiff's Complaint, if any, were caused by the acts and/or omissions of other persons

11   or entities (including, without limitation, acts and/or omissions of Plaintiff) for whose conduct

12   Defendants, or any of them, are not legally responsible. Therefore, if Plaintiffs are found to be

13   entitled to recover any of their alleged damages, the share of Defendants, or any of them, if any,

14   must be reduced to the extent that such damages are attributable to the acts and/or omissions of

15   persons or entities (including, without limitation, Plaintiff) other than Defendants.

16

17   ### EIGHTH AFFIRMATIVE DEFENSE

18

19   Neither Plaintiff's Complaint, nor any purported cause of action alleged therein,

20   state facts sufficient to justify an award of injunctive relief against Defendants, or any of them.

21

22   ### NINTH AFFIRMATIVE DEFENSE

23

24   Upon information and belief, Defendants allege that Plaintiff's Complaint, and

25   each purported cause of action therein, are barred, in whole or in part, by the doctrine of unclean

26   hands.

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by Plaintiff's failure to comply with his obligations as an employee pursuant to California Labor Code section 2857.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred as Plaintiff has been provided all applicable rest and/or meal periods pursuant to California law.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants have no knowledge of, nor should they have knowledge of, any alleged uncompensated work or alleged work through rest and/or meal periods by Plaintiff and did not authorize, require, request, suffer, or permit such activity by the Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants did not willfully, intentionally, arbitrarily, or without just cause deprive any person who allegedly was not provided rest and/or meal periods, any wages to which he or she was entitled under California wage and hour law.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants acted in good faith and with reasonable grounds for believing that they had not violated any California wage and hour laws.

-4-
ANSWER TO COMPLAINT

EXHIBIT $B$ PAGE 40

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

**FIFTEENTH AFFIRMATIVE DEFENSE**

Neither Plaintiff nor any union representatives complained to or notified Defendants regarding the alleged violations of California wage and hour law, as required by applicable collective bargaining agreements.

**SIXTEENTH AFFIRMATIVE DEFENSE**

If any manager or supervisor of Defendants authorized, required, requested, suffered or permitted an employee to work through a rest and/or meal period, such supervisor or manager acted outside the scope of his or her employment with Defendants.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The Complaint is barred as all or part of the time for which Plaintiff seeks compensation does not constitute compensable or working time.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim against Defendants upon which attorneys' fees or costs can be awarded.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to exhaust administrative processes implemented by Defendants to prevent and to resolve any such claims without resort to litigation.

EXHIBIT *B* PAGE 41

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff intentionally deceived Defendants by concealing the alleged working through rest and/or meal periods from the company's managers and supervisors.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any alleged work performed by Plaintiff through rest and/or meal periods was in violation of Defendants' policies.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's failure to notify Defendants of any alleged violation of Defendants' policies constituted a breach of the duty of loyalty owed by Plaintiff to his employer.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act, and barred by Plaintiff's failure to timely exhaust the contractual remedies under the applicable collective bargaining agreement(s).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, on the grounds that Plaintiff was provided all meal and/or rest periods during his entire period of employment.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

EXHIBIT $B$ PAGE 42

1

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

2

3          Plaintiff's claims are barred, in whole or in part, on the grounds that Plaintiff is not

4   entitled to compensation for meal and/or rest periods that were in fact taken.

5

6

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

7

8          The claim pursuant to California Business & Professions Code section 17200, *et.*

9   *seq.* is barred as the Complaint fails to allege an injury to competition as distinct from an alleged

10  injury to the Plaintiff himself.

11

12

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

13

14         The Complaint, and each cause of action contained therein, are improperly before

15  this Court as some of the similarly situated individuals, on whose behalf Plaintiff claims to be

16  seeking relief, are bound by arbitration agreements which provide that such individuals must

17  submit all claims against Defendants to final and binding individual arbitration.

18

19

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

20

21         Plaintiff's causes of action are barred, in whole or in part, because Plaintiff engaged

22  in conduct which proximately caused or contributed to any and all injuries Plaintiff allegedly

23  suffered.

24

25

### TWENTY-NINTH AFFIRMATIVE DEFENSE

26

27         Plaintiff's causes of action are barred, in whole or in part, on the grounds that

28  Plaintiff falsified time records during the period of employment with Defendants.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1

2

## THIRTIETH AFFIRMATIVE DEFENSE

3

4       Plaintiff's causes of action are barred, in whole or in part, on the grounds that the numerosity requirement for class actions is not satisfied.

5

6

## THIRTY-FIRST AFFIRMATIVE DEFENSE

7

8       Plaintiff's causes of action are barred, in whole or in part, on the grounds that the claims of the Plaintiff are not typical of the alleged class claims.

9

10

11

## THIRTY-SECOND AFFIRMATIVE DEFENSE

12

13       Plaintiff's causes of action are barred, in whole or in part, on the grounds that common questions of law or fact do not predominate in this case.

14

15

16

## THIRTY-THIRD AFFIRMATIVE DEFENSE

17

18       Plaintiff's causes of action are barred, in whole or in part, on the grounds that Plaintiff is not an adequate class representative.

19

20

21

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

22

23       Plaintiff's causes of action are barred, in whole or in part, on the grounds that a class action is not the superior method of adjudication in this case.

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's causes of action are barred, in whole or in part, on the grounds that a class action is not warranted because Plaintiff is not similarly situated to other proposed class members.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's causes of action against Defendant Safeway Inc. are barred, in whole or in part, on the grounds that Plaintiff was not an employee of this corporate Defendant.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover punitive or exemplary damages from Defendants because Plaintiff has failed to allege facts sufficient to state a claim for punitive or exemplary damages or to show that Defendants are guilty of oppression, fraud or malice.

WHEREFORE, Defendants pray for judgment as follows:

A.    Dismissing the Complaint with prejudice and ordering that Plaintiff take nothing therefrom;

B.    Awarding Defendants their costs of suit; and

///

///

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1        C.    Awarding Defendants any and all further relief as the Court deems just and

2  proper under the circumstances.

3

4  DATED: August  7, 2007              PAYNE & FEARS LLP

5                               James L. Payne
Jeffrey K. Brown

6                               John T. Egley
Todd C. Bouton

7

8                           By:_____
                                 James L. Payne

9                           Attorneys for Defendants

10                       SAFEWAY INC. and THE VONS
COMPANIES, INC.

11  364991.1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ANSWER TO COMPLAINT**

EXHIBIT _B_ PAGE 46

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1

## PROOF OF SERVICE

2    STATE OF CALIFORNIA, COUNTY OF ORANGE

3        I am employed in the County of Orange, State of California.  I am over the age of 18 years
    and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza,
4    Suite 1100, Irvine, CA 92614.

5        On **August 7, 2007**, I served the following document(s) described as **ANSWER OF
    DEFENDANTS SAFEWAY, INC. AND THE VONS COMPANIES, INC. TO
6    COMPLAINT,** on interested parties in this action by placing a true copy thereof enclosed in
    sealed envelopes as follows:

7

8        Michael I. Rott, Esq.                              Attorneys for Plaintiff
        Eric M. Overholt, Esq.                             Donald J. Tormey,
9        HIDEN, ROTT & OERTLE, LLP
        2635 Camino Del Rio South, Suite 306
10       San Diego, California 92108
        Tel: (619) 296-5884
11       Fax: (619) 296-5171

12   [X]   **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection
            and processing of correspondence for mailing with the United States Postal Service.  I am
13           aware that on motion of the party served, service is presumed invalid if postal cancellation
            date or postage meter is more than one day after date of deposit for mailing in affidavit.  I
14           deposited such envelope(s) with postage thereon fully prepaid to be placed in the United
            States Mail at Irvine, California.

15

16   [ ]   **(By Personal Service)** I delivered by hand on the interested parties in this action by
            placing the above mentioned document(s) thereof in envelope addressed to the office of the
            addressee(s) listed above or on attached sheet.

17

18   [ ]   **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e),
            calling for agreement and written confirmation of that agreement or court order, to the
            number(s) listed above or on attached sheet.  Said transmission was reported complete and
19           without error.

20   [ ]   **(By Overnight Courier)** I served the above referenced document(s) enclosed in a sealed
            package, for collection and for delivery marked for next day delivery in the ordinary
21           course of business, addressed to the office of the addressee(s) listed above or on attached
            sheet.

22   [ ]   **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the
23           addressee(s).

24   [ ]   **(STATE)** I declare under penalty of perjury under the laws of the State of California that
            the foregoing is true and correct.

25

26   [ ]   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this
            court at whose direction the service was made.

27       Executed on **August 7, 2007**, at Irvine, California.

28

                                                         **GINA SOUTIERI**

365156.1

                                                         EXHIBIT *B* PAGE 47

**PAYNE & FEARS LLP**
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

**PAYNE & FEARS LLP**
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1

## PROOF OF SERVICE

2   STATE OF CALIFORNIA, COUNTY OF ORANGE

3       I am employed in the County of Orange, State of California.
    I am over the age of 18 years and am not a party to the within
4   action; my business address is Jamboree Center, 4 Park Plaza,
    Suite 1100, Irvine, CA 92614.

5

6       On **August 10, 2007**, I served the following document(s)
    described as **PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER
    28 U.S.C. §§ 1331 AND 1441,** on interested parties in this action
7   by placing a true copy thereof enclosed in sealed envelopes as
    follows:

8

9       Michael I. Rott, Esq.              Attorneys for Plaintiff
        Eric M. Overholt, Esq.            Donald J. Tormey,
10      HIDEN, ROTT & OERTLE, LLP
        2635 Camino Del Rio South,
11      Suite 306
        San Diego, California 92108
12      Tel: (619) 296-5884
        Fax: (619) 296-5171.

13

14  ☒   **(BY U.S. Mail)** I am readily familiar with my employer's
        business practice for collection and processing of
15      correspondence for mailing with the United States Postal
        Service. I am aware that on motion of the party served,
16      service is presumed invalid if postal cancellation date or
        postage meter is more than one day after date of deposit for
17      mailing in affidavit. I deposited such envelope(s) with
        postage thereon fully prepaid to be placed in the United
18      States Mail at Irvine, California.

19  ☐   **(By Personal Service)** I delivered by hand on the interested
        parties in this action by placing the above mentioned
20      document(s) thereof in envelope addressed to the office of
        the addressee(s) listed above or on attached sheet.

21

22  ☐   **(By Facsimile)** I served a true and correct copy by facsimile
        pursuant to C.C.P. 1013(e), calling for agreement and
        written confirmation of that agreement or court order, to
23      the number(s) listed above or on attached sheet. Said
        transmission was reported complete and without error.

24

25  ☐   **(By Overnight Courier)** I served the above referenced
        document(s) enclosed in a sealed package, for collection
        and for delivery marked for next day delivery in the
26      ordinary course of business, addressed to the office of the
        addressee(s) listed above or on attached sheet.

27

28  ☐   **(By E -Mail)** I transmitted a copy of the foregoing
        documents(s) via e-mail to the addressee(s).

☒   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **August 10, 2007**, at Irvine, California.

*Maritza I. Hulke*
**Maritza I. Hulke**

365609.1

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

ORIGINAL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

DONALD J. TORMEY, on behalf of himself, and all others similarly situated, and on behalf of the general public

## DEFENDANTS

THE VONS COMPANIES, INC., a Michigan Corporation, SAFEWAY, INC., a Delaware Corporation, and DOES 1 through 100, inclusive

FILED

'07 AUG 10 PM 12:32

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorneys (Firm Name, Address, and Telephone Number)

Michael I. Rott, Esq.
Eric M. Overholt, Esq.
HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, #306, San Diego, CA 92108
Tel: 619.296.5884

Attorneys (If Known)

James L. Payne, Esq.
Jeffrey K. Brown, Esq.
Todd C. Bouton, Esq.
Payne & Fears LLP
4 Park Plaza, #1100, Irvine, CA 92614, TEL: 949.851.1100

'07 CV 1587       LAB RBB

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES   (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☒ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities- Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities- Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. Section 185(a)

Brief description of cause: This is an action to enforce rights governed by, and requiring interpretation of, a collective bargaining agreement.

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY   (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE
August 10, 2007

SIGNATURE OF ATTORNEY OF RECORD
_____

**FOR OFFICE USE ONLY**

RECEIPT # 141,564   AMOUNT $350   APPLYING IFP Ko 8/10/07   JUDGE _____   MAG. JUDGE _____

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

## # 141364      – KD

## August 10, 2007
## 12:38:03

### Civ Fil Non-Pris
USAO #.: CIVIL FILING, 07CV1587
Judge..: LARRY A BURNS
Amount.:                    $350.00 CK
Check#.: BC 78623

## Total–>   $350.00

FROM: TORMEY V. VONS CO., ET AL
      CIVIL FILING