1

2

3

4

5

6

7

8                              **UNITED STATES DISTRICT COURT**

9                              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   DONALD J. TORMEY, on behalf of                CASE NO. 07cv1587-LAB (RBB)
     himself, and all others similarly situated,
12   and on behalf of the general public,          **ORDER TO SHOW CAUSE RE:**
                                                    **JURISDICTION AND POSSIBLE**
13                                    Plaintiffs,   **REMAND**

14        vs.

15   THE VONS COMPANIES, INC., a
     Michigan Corporation; SAFEWAY, INC.,
16   a Delaware Corporation and DOES 1
     through 100,
17
                                     Defendants.
18

19        Plaintiff, a resident of this District, filed his complaint as a class action in San Diego

20   County Superior Court on June 29, 2007.  He relies on California Labor Code §§ 226.7 and

21   512, California Business and Professions Code §§ 17200–17208, and California Code of

22   Regulations, Title 8, § 11040.  He seeks unpaid rest and meal period compensation,

23   penalties, disgorgement, restitution, and injunctive relief on behalf of himself and all others

24   similarly situated.

25        On August 10, 2007, Defendants removed this action to this Court, contending

26   Plaintiff's claims arise under Section 301 of the Labor Management Relations Act, 29 U.S.C.

27   § 185(a) ("Section 301").  Defendants contend Section 301 "preempts and replaces all state-

28   law causes of action that . . . require the court to interpret or apply the provisions of a

Dockets.Justia.com

1  collective bargaining agreement." (Notice of Removal at 4:19–26.)  In support of this, they
2  cite *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) and *Moreau v. San Diego*
3  *Transit Corp.*, 210 Cal. App. 3d 614, 622 (1989) and other precedents showing that, where
4  resolution of a claim requires interpretation of a collective bargaining agreement ("CBA"),
5  Section 301 completely preempts state law.  (*See generally* Notice of Removal at
6  4:19–8:13.)

7        The parties agree Plaintiff was employed as a pharmacist for Defendant Vons
8  Companies.  Defendants contend that during this time, Plaintiff's employment was governed
9  by a CBA between his union and Vons Companies.  (Notice of Removal at 9:18–10:2.)  They
10 contend the CBA specifically addresses the issue of meal periods.  (*Id.* at 10:4–22.)
11 Defendants also contend the CBA addresses issues of rest periods and wage claims.  (*Id.*
12 at 14:4–24.)

13       Defendants agree Plaintiff made claims under state law only, but contend adjudication
14 of his claims "will require interpretation of a collective bargaining agreement which governed
15 Plaintiff's employment, his meal and rest periods, and his compensation for hours worked."
16 (Notice of Removal at 8:20–23.)  Because Plaintiff does not rely on the CBA in his complaint,
17 the well-pleaded complaint rule would prevent removal based on a federal question.
18 Defendants tacitly acknowledge this and rely on a corollary to the well-pleaded complaint
19 rule, the complete preemption doctrine.  "[T]o remove a state law claim to federal court under
20 the complete preemption doctrine, federal law must both completely preempt the state law
21 claim and supplant it with a federal claim."  *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d
22 993, 997 (9th Cir. 1987).

23       Complete preemption is a doctrine of limited applicability, and includes "claims under
24 the Labor Management Relations Act by a labor union against an employer under a
25 collective bargaining agreement, but not claims arising from individual employment
26 contracts."  *In re NOS Communications*, MDL No. 1357, ___ F.3d ____, 2007 WL 1977139,
27 slip op. at *4 (9th Cir. 2007) (quoting *Marcus v. AT&T Corp.*, 138 F.3d 46, 54 (2d Cir. 1998)).
28 / / /

1       In this case, it appears Defendants are arguing that Plaintiff should have relied on the

2  CBA instead of relying solely on state law, because the CBA alters the employer-employee

3  relationship that would have otherwise existed under state law.  Defendants also appear to

4  argue that the CBA waives Plaintiff's pre-existing rights under state law.  The Ninth Circuit

5  has recently dealt with what appears to be an analogous situation.  In *Dall v. Albertson's,*

6  *Inc.*, 2007 WL 1423727 (9th Cir. 2007), individual employee plaintiffs appealed the trial

7  court's ruling, following removal, that their state statutory claims were completely preempted

8  by Section 301.  The Ninth Circuit relied on the Supreme Court's ruling in *Caterpillar Inc. v.*

9  *Williams*:

> It is true that when a defense to a state claim is based on the terms of a collective-bargaining agreement, the state court will have to interpret that agreement to decide whether the state claim survives. But the presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule-that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court. When a plaintiff invokes a right created by a collective-bargaining agreement, the plaintiff has chosen to plead what we have held must be regarded as a federal claim, and removal is at the defendant's option. But a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated.

18  482 U.S. 386, 398–99 (1987).  On this basis, the Ninth Circuit held that the action had been

19  improperly removed, and directed that the case be remanded to state court.  *Dall*, slip op.

20  at *3.

21       When faced with state-law claims that may be preempted by Section 301 because

22  of an existing CBA, it appears the proper procedure is to raise this issue in state court.

23  *Caterpillar*, 482 U.S. at 397 ("[I]f an employer wishes to dispute the continued legality or

24  viability of a pre-existing individual employment contract because an employee has taken

25  a position covered by a collective agreement, it may raise this question in state court.")

26       Even though Plaintiff has filed no motion for remand, the Court has an independent

27  obligation to examine whether removal jurisdiction exists.  *Valdez v. Allstate Ins. Co.*, 372

28  F.3d 1115, 1116 (9th Cir. 2004) (further citations omitted).  "The removal statute is strictly

1   construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls

2   to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831,

3   838 (9th Cir. 2004) (citation omitted).   Pursuant to 28 U.S.C. § 1447(c), the Court must

4   remand the case to state court if at any time before final judgment it appears the Court lacks

5   subject matter jurisdiction.

6          In light of the authorities cited above, Defendants are therefore **ORDERED TO SHOW**

7   **CAUSE** why this action should not be remanded.   Defendants may do so by filing a

8   memorandum of points and authorities no longer than five pages in length, not counting any

9   appended or lodged materials, no later than five court days from the day this order is

10  entered.   Plaintiff may, if he wishes, file a response subject to the same length restrictions

11  no longer than ten court days from the day this order is entered.   If Defendants agree that

12  remand is proper, they shall file a notice so stating, and need not file a memorandum of

13  points and authorities.   Should Defendants fail to show cause as ordered, this case will be

14  remanded.

15

16         **IT IS SO ORDERED**.

17  DATED:  August 15, 2007

18

19         **HONORABLE LARRY ALAN BURNS**
           United States District Judge

20

21

22

23

24

25

26

27

28