# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD J. TORMEY, on behalf of himself, and all others similarly situated, and on behalf of the general public,<br><br>　　　　　　　　　　　　　Plaintiffs,<br>　vs.<br>THE VONS COMPANIES, INC., a Michigan Corporation; SAFEWAY, INC., a Delaware Corporation and DOES 1 through 100,<br><br>　　　　　　　　　　　　　Defendants. | CASE NO. 07cv1587-LA (RBB)<br><br>**ORDER OF REMAND** |

On June 29, 2007, Plaintiff Tormey filed this putative class action in the Superior Court of California, County of San Diego. Defendants then on August 10, 2007 removed the action to this Court, representing that the provisions of the Removal Statute, 28 U.S.C. § 1446, were met. Defendants contended this Court had federal question jurisdiction because some of Defendants claims were completely preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) ("Section 301"). Plaintiffs also asked the Court to exercise supplemental jurisdiction over other related state claims.

Because the Court's jurisdiction was not clear, the Court on August 15, 2007 *sua sponte* issued an order to show cause requiring Plaintiffs to show cause why this action should not be remanded. On August 22, 2007, Plaintiffs responded and, on August 29,

1  Defendant replied to Plaintiffs' response.  Defendants' response identifies federal question
2  jurisdiction, and supplemental jurisdiction, as the sole bases for this Court's exercise of
3  jurisdiction over this action.
4  **I.    Legal Standards**
5        The Court is under an independent obligation to examine whether removal jurisdiction
6  exists.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (citations omitted).
7  "The removal statute is strictly construed against removal jurisdiction, and the burden of
8  establishing federal jurisdiction falls to the party invoking the statute."  *California ex rel.*
9  *Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted).  Pursuant to 28
10 U.S.C. § 1447(c), the Court must remand the case to state court if at any time before final
11 judgment it appears the Court lacks subject matter jurisdiction.
12 **II.   Discussion**
13     **A.    Plaintiff's Claim**
14       Plaintiff, a pharmacist, was employed by Defendant Vons Companies, during which
15 time Defendants represent his employment was governed by a collective bargaining
16 agreement ("CBA").  He seeks unpaid rest and meal period compensation, penalties,
17 disgorgement, restitution, and injunctive relief on behalf of himself and all others similarly
18 situated. He relies on California Labor Code §§ 226.7 and 512; California Business and
19 Professions Code §§ 17200–17208; California Code of Regulations, Title 8, § 11040, and
20 Industrial Welfare Commission ("IWC") Wage Order No. 4-2001.
21       Defendants contend Plaintiff's unpaid meal period compensation claim is completely
22 preempted by Section 301.  They concede, however, that the rest period claims are not, and
23 ask the Court to exercise supplemental jurisdiction over these claims.
24     **B.    Jurisdictional Analysis**
25       Under the well-pleaded complaint rule, federal jurisdiction typically exists only when
26 a federal question is presented on the face of the plaintiff's properly pleaded complaint.
27 *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) (citations omitted).  "A federal law
28 defense to a state-law claim does not confer jurisdiction on a federal court, even if the

defense is that of federal preemption and is anticipated in the plaintiff's complaint. *Id.* (citation omitted). "This rule makes a plaintiff the 'master of his complaint': He may generally avoid federal jurisdiction by pleading solely state-law claims." *Id.* (citation omitted).

A corollary to the well-pleaded complaint rule, however, is the "complete preemption doctrine," which may "convert[ ] an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (citation omitted). The Supreme Court has explained that "if the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law . . . is pre-empted and federal labor-law principles . . . must be employed to resolve the dispute." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405–06 (1988) (footnotes and citations omitted). However, ""not every dispute tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301." *Id.* at 413 n.12 (citation and alterations omitted). Furthermore, a party cannot trigger section 301 preemption merely by asserting the waiver of a state-law claim in a collective bargaining agreement. *Caterpillar*, 482 U.S. at 398.

Section 301 "is not designed to trump substantive and mandatory state law regulation of the employee-employer relationship. . . ." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1076 (9th Cir. 2005) (citation omitted). Thus, a claim brought on the basis of a mandatory state law is not preempted, even if an identical claim could be brought under Section 301. *Id.* (citing *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994)). Section 301 "cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." *Id.* If the law were otherwise, employers could immunize themselves from suit under state labor laws of general applicability by including unlawful terms in collective bargaining agreements. *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1111 (9th Cir. 2000).

The Ninth Circuit has examined meal period requirements under California state law and has determined them to be non-negotiable and therefore not preempted by Section 301. *Valles*, 410 F.3d at 1081–82. While a state might create a non-negotiable remedy that

turned on the interpretation of a collective bargaining agreement, California's meal period laws do not appear to be an example of this. *Id.* (citing *Lingle*, 486 U.S. at 407 n.7).

Defendants contend that IWC Wage Order No. 7-2001 applies to Plaintiff's claims, and authorizes special arrangements for meal periods. Defendants contend the CBA altered meal period rights, as permitted under Wage Order No. 7-2001. They argue this creates a situation where, although the right may be governed by state law, construction of the CBA will be necessary to resolve it, resulting in complete preemption.

Plaintiff argues he does not rely on Wage Order No. 7-2001, but on No. 4-2001. However, regardless of which Wage Order applies, Plaintiff has not alleged that Defendants provided meal periods as permitted in the CBA, but rather that they provided <u>no</u> meal periods and <u>no</u> meal period compensation as required under state law. (Complaint at 2:23–28, 3:25–4:2, 5:15–17, 5:22–27, 7:22–26, 8:7–11, 9:22–26, 11:8–14, 11:19–24.) The CBA purports to address whether pharmacists may be called back to duty in emergencies and, under certain circumstances requires them to take meal periods in the building where they work, but it does not purport to permit Defendants to provide no meal periods at all. Even if, as Defendants argue, the CBA provides for the waiver of meal period rights, it appears this constitutes the kind of waiver the Supreme Court warned of in *Livadas*, 512 U.S. 107, 123 (1994)).

While Defendants may raise the CBA's terms as a defense, Plaintiff has not relied on them in making his claims. The Court is mindful of the teaching of the Supreme Court in *Caterpillar*:

> It is true that when a defense to a state claim is based on the terms of a collective-bargaining agreement, the state court will have to interpret that agreement to decide whether the state claim survives. But the presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule — that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court . . . . But a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated. If a defendant could do so, the plaintiff would be master of nothing.

482 U.S. at 398–99. Should it prove that Plaintiff's complaint as pleaded is inadequate and he amends so that a federal question appears on the face of the amended complaint, Defendants might attempt removal at that time, pursuant to 28 U.S.C. § 1446(b). At present, however, the Court is not persuaded that Defendants have carried their burden of establishing the existence of federal jurisdiction over this action. *Dynegy*, 375 F.3d at 838.

### III.  Conclusion and Order

For these reasons, this action is hereby **REMANDED** to the court from which it was removed.

**IT IS SO ORDERED**.

DATED: September 5, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge